# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOAN RYAN,

        Appellant,

        v.

DEPARTMENT OF HOMELAND
  SECURITY,

        Agency.

DOCKET NUMBER
PH-0752-13-5283-I-1

DATE: August 18, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Peter B. Broida, Esquire, Arlington, Virginia, for the appellant.

David Myers, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed the appellant's appeal for lack of jurisdiction as premature. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      Familiarity with the underlying facts of this appeal is presumed.  *See Ryan v. Department of Homeland Security*, 2014 MSPB 64, ¶¶ 2-3 (Ryan I).  This is the third appeal filed by the appellant arising out of her indefinite suspension based upon the loss of her access to classified information.  In *Ryan I*, we affirmed the appellant's indefinite suspension based upon the suspension of her security clearance; rejected her argument that under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981), an agency must consider lesser penalties before imposing a proposed indefinite suspension; and found that because the condition subsequent triggering the cessation of the appellant's indefinite suspension has not yet occurred, i.e., a final determination on her access to classified information, the Board cannot order the appellant restored to duty following her acquittal on the criminal charges which served as the basis for the suspension of her clearance. *See Ryan I*, 2014 MSPB 64, ¶¶ 6, 7-10, 13-15.  In *Ryan II*, we rejected the appellant's argument that the agency's delay in rendering a final determination on her access to classified information following her criminal acquittal improperly extended her indefinite suspension.  *See Ryan v. Department of Homeland*

*Security*, MSPB Docket No. PH-0752-13-0343-I-1, Nonprecedential Final Order, ¶¶ 2-3 (Aug. 18, 2014) (Ryan II).

¶3       In her current appeal, the appellant asserts that the agency constructively amended the basis for her indefinite suspension when it issued a decision to revoke her security clearance, thus giving rise to another opportunity for her to contest her indefinite suspension.  Initial Appeal File (IAF), Tab 1 at 2.  The record reflects that the agency suspended the appellant's security clearance in September, 2012, implemented her indefinite suspension from employment based upon the suspension of her clearance in November, 2012, and issued a decision to revoke her security clearance in July, 2013.  IAF, Tab 4 at 20-37.  The appellant maintains that she is now entitled to a second opportunity to contest her indefinite suspension based upon the July 2013 revocation of her security clearance.  IAF, Tabs 1, 6; *see also* Petition for Review (PFR) File, Tab 1 at 5-6.  In support of her argument, the appellant cites to a provision of the Federal Emergency Management Agency's internal policies requiring notices of adverse action to be specific.  IAF, Tab 6.  We agree with the administrative judge, however, that the Board lacks jurisdiction over the appellant's instant appeal.

¶4       We cannot accept the appellant's argument that the agency "changed the factual underpinnings of the [adverse] action against Appellant[.]"  PFR File, Tab 1 at 6.  It is undisputed that after proposing the appellant's indefinite suspension and giving her a period of time to respond, the agency indefinitely suspended the appellant based upon the suspension of her security clearance.  IAF, Tab 4 at 35.  At bottom, the agency's indefinite suspension is predicated upon the appellant's inability to access classified information, which is a condition of her position of employment with the agency, *id.*, and the agency's subsequent decision to revoke, rather than just suspend, her security clearance does not change the rationale for the agency's adverse action but rather is an intermediate step toward the agency's identified condition subsequent, viz., a final determination by the agency on her ability to maintain a security clearance

and access classified information. *Id.* (letter imposing indefinite suspension stating that "It is my decision that your indefinite suspension pending a final adjudication of your future eligibility for access to classified information is fully warranted and will promote the efficiency of the Federal service."). The agency, moreover, did not rescind or reissue its notice of proposed adverse action or its letter of decision, and we find no support for the appellant's argument that the revocation of her security clearance, rather than just its suspension, either explicitly or implicitly amended the basis for her indefinite suspension. *See, e.g.*, *Fickie v. Department of the Army*, 86 M.S.P.R. 525, ¶ 29 n.5 (2000) (noting that the agency properly restarted the proposed adverse action after amending its charges).

¶5        As we noted in both *Ryan I* and *II*, moreover, an agency is not required to terminate its indefinite suspension action until the determinable condition subsequent it identified in its notice of adverse action is triggered. *Ryan I*, 2014 MSPB 64, ¶¶ 13-14; *Ryan II*, Nonprecedential Final Order, ¶¶ 2-3. Here, the agency's deciding official determined that the appellant's indefinite suspension was warranted pending a final adjudication of her access to classified information and that the appellant's indefinite suspension would continue through the notice period of any subsequent adverse action in the event that a final determination is made to revoke her clearance. IAF, Tab 4 at 35. The appellant has internally appealed the July 2013 revocation of her clearance, *id.* at 18, and there is no evidence that the agency has rendered a final adjudication on her access to classified information. Because the identifiable condition subsequent specified by the agency in its indefinite suspension decision has not yet occurred, the appellant's challenge to her continued placement on indefinite suspension remains premature. *See Ryan I*, 2014 MSPB 64, ¶¶ 13-14.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.